## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEXT FINANCIAL GROUP, INC., <br> Plaintiff, <br><br> v. <br><br> GMS MINE REPAIR AND <br> MAINTENANCE, INC., <br> Defendant. | CASE NO. 3:19-cv-168 <br><br> ELECTRONICALLY FILED |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff NEXT Financial Group, Inc., by its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby alleges for its Complaint against Defendant GMS Mine Repair and Maintenance, Inc. as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks a declaratory judgment and preliminary and permanent injunctive relief to preclude Defendant from proceeding with an arbitration it filed before the Financial Industry Regulatory Authority ("FINRA") on or about September 12, 2019 captioned <u>GMS Mine Repair & Maintenance, Inc. v. NEXT Financial Group, Inc.</u>, Arbitration No. 19-02750 (hereinafter "the FINRA Arbitration"). A true and accurate copy of the Statement of Claim filed by Defendant in the FINRA Arbitration is attached hereto as Exhibit A and is incorporated herein by reference.

## PARTIES

2. Plaintiff NEXT Financial Group, Inc. is a Virginia corporation, a registered broker-dealer, and a member of FINRA. At all times relevant hereto, Plaintiff maintained a branch office designated as an office of supervisory jurisdiction at 322 Frankstown Road, Altoona, Blair County, PA 16602.

3. Upon information and belief, Defendant GMS Mine Repair and Maintenance, Inc. is a Maryland corporation that maintains its principal place of business located at 32 Enterprise Drive, Mountain Lake Park, Garrett County, Maryland 21550.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201 and for injunctive relief pursuant to Federal Rule of Civil Procedure 65.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case relates to an arbitration in which Defendant alleges, *inter alia*, violations of federal law. See, Exhibit A, ¶¶48-51.

6. This Court also has subject matter jurisdiction pursuant 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. This Court has personal jurisdiction over Defendant because this action arises out of specific acts undertaken by Defendant within the Commonwealth of Pennsylvania, including commencing the FINRA Arbitration here.

8. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred within this judicial district. In particular, Defendant filed its FINRA Arbitration claims in this judicial district.

## FACTUAL BACKGROUND

9. Defendant initiated the FINRA Arbitration and filed a Statement of Claim against Plaintiff on September 12, 2019.

10. The Statement of Claim was served on Plaintiff on September 27, 2019, which is when Plaintiff first learned of the FINRA Arbitration.

11. Plaintiff's Answer to the Statement of Claim is due on or before November 4, 2019.

12. FINRA has selected Pittsburgh, Pennsylvania as the hearing location for the Arbitration.

13. Defendant claims losses in its Statement of Claim of $3.45 million. Plaintiff denies that it is liable to Defendant.

14. Plaintiff has never had any agreement to arbitrate with Defendant and does not consent to arbitration.

15. FINRA Rule 12200 requires FINRA members, such as Plaintiff, to submit to arbitration to resolve claims brought by claimants, but only if the claimant is the member's "customer," or if the member has explicitly agreed to arbitrate disputes between the claimant and a member.

16. Defendant is not now, nor has Defendant ever been, a customer of Plaintiff.

17. Defendant has never had a brokerage account with Plaintiff.

18. Defendant did not purchase any securities from Plaintiff or receive investment guidance from Plaintiff.

19. There has never been any contractual or other relationship between Plaintiff and Defendant, let alone in an agreement to arbitrate.

20. Therefore, FINRA Rule 12200 does not require Plaintiff to submit to FINRA arbitration regarding disputes with Defendant.

21. Defendant, in its Statement of Claim, alleges that it was defrauded into investing in a "phony" business venture by Douglas P. Simanski, who previously was associated with Plaintiff, and specifically in "one of two coal mining companies in which Mr. Simanski claimed to have an ownership interest; (This is the phony investment which caused the claimant's harm in this case)."

22. Defendant further alleges in its Statement of Claim that it "has lost $3.45 million in an investment Simanski pitched to it as an investment opportunity in a 'black diamond' mine operation."

23. Plaintiff does not now, and has not ever, had any interest in the mine operation referenced in Defendant's Statement of Claim. As well, Plaintiff never provided Defendant with any investment guidance concerning the mine operation.

24. Rather, Mr. Simanski's involvement in the mine operation was wholly independent, separate, and distinct from any work he performed, or services he rendered, on behalf of Plaintiff.

25. In fact, on April 24, 2012, Mr. Simanski completed an Outside Business Activity Disclosure form wherein he disclosed as an outside business activity his 100% ownership interest in Black Diamond Coal Company, the "black diamond mine operation" in question. A true and accurate copy of Mr. Simanski's Outside Business Activities Disclosure form is attached hereto as Exhibit B and is incorporated herein by reference.

26. To the extent Defendant believes it was defrauded into investing in the mine operation, and suffered losses as a consequence thereof, Defendant's claims are the result of a direct investment by Defendant in Mr. Simanski's disclosed outside business activity, which business was outside the scope of his work for, and affiliation with, Plaintiff.

27. Consequently, Plaintiff has no obligation to arbitrate any claims brought by Defendant.

28. There is no basis upon which Defendant can compel Plaintiff to participate in the FINRA Arbitration.

29. The existence or non-existence of a valid arbitration agreement between the parties is a matter to be decided by this Court, not by an arbitration panel.

30. An injunction is necessary to maintain the status quo until the Court is able to resolve the parties' dispute on the merits and to prevent irreparable injury to Plaintiff from having to arbitrate issues that it has not agreed to arbitrate.

31. Whether Plaintiff can be compelled to defend against the claims asserted against it in the FINRA Arbitration is an issue that affects the parties' immediate legal interests.

32. Unless Defendant is enjoined from proceeding with the FINRA arbitration, Plaintiff will be required to respond to Defendant's Statement of Claim on or before November 4, 2019. Any such response could result in a waiver of Plaintiff's right to defend against Defendant's claims in a court of competent jurisdiction.

33. A permanent injunction precluding Defendant from pursuing its claim in the FINRA arbitration is proper and warranted.

## COUNT I - DECLARATORY JUDGMENT
## AS TO NON-ARBITRABILITY - 28 U.S.C. §2201

34. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-33 above as if more fully set forth at length herein.

35. FINRA Rule 12200 (Arbitration Under an Arbitration Agreement or the Rules of FINRA) states:

> Parties must arbitrate a dispute under the Code if:
> - arbitration under the Code is either:
>   (1) required by a written agreement, or

> (2) required by the **customer**;
>
> - The dispute is between a **customer** and a member or associated person of a member; and
>
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company. (emphasis applied)

36. No agreement exists between Plaintiff and Defendant to arbitrate any disputes, including those asserted by Defendant in the FINRA Arbitration.

37. Defendant is not and never has been a "customer" of Plaintiff, whether under FINRA Rule 12200 or otherwise. Therefore, Plaintiff is not obligated to arbitrate any of Defendant's claims asserted in the FINRA arbitration

38. Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests with sufficient immediacy, and Plaintiff has a reasonable expectation that its injury will continue in the future in the absence of declaratory relief.

39. Plaintiff seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201 that Defendant is not a customer of Plaintiff and that Defendant's claims are not arbitrable in the FINRA arbitration.

## COUNT II - INJUNCTIVE RELIEF

40. Plaintiff incorporates by reference the allegations of Paragraphs 1-39 above as if more fully set forth at length herein.

41. Plaintiff is reasonably likely to prevail on the merits regarding the arbitrability of Defendant's claims because there is no agreement to arbitrate between Plaintiff and Defendant, and Defendant is not, and never has been, Plaintiff's customer under FINRA Rule 12200.

42. Plaintiff will suffer irreparable injury if it is compelled to arbitrate Defendant's claims in the FINRA Arbitration.

43. The balance of equities favors entry of an injunction.

44. The entry of an injunction would serve the public interest.

45. Accordingly, Plaintiff satisfies the legal standards for preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65, and therefore Defendant should be enjoined from proceeding with the FINRA arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NEXT Financial Group, Inc. is entitled to judgment as against Defendant GMS Mine Repair and Maintenance, Inc. as follows:

    a. A declaratory judgment that the Defendant is not a customer of Plaintiff and therefore Defendant's claims against Plaintiff are not arbitrable;

    b. Orders preliminarily and permanently enjoining Defendant from further proceeding with the FINRA Arbitration; awarding Plaintiff all attorney's fees and other costs associated with this action; and awarding all other and further relief as the Court deems just and proper.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

Dated: October 16, 2019

BY: */s/James A. McGovern*
James A. McGovern, Esquire
PA Atty. I.D. No. 61361
Union Trust Building
501 Grant St., Suite 700
Pittsburgh, PA 15219
Ph: (412) 803-1180
Fax: (412) 803-1188
Email: jamcgovern@mdwcg.com

And

*/s/ Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Atty. I.D. No. 202348
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
Ph: (717) 651-3531
Fax: (717) 651-3707
Email: cjconrad@mdwcg.com

*Attorneys for NEXT Financial Group, Inc.*

LEGAL/125257455.v1

## CERTIFICATE OF SERVICE

I, James A. McGovern, Esquire hereby certify that on the date set forth below I served the foregoing document on all counsel of record, by electronic mail, addressed as follows:

Richard S. Frankowski, Esq. and
Robert E. Norton, Esq.
The Frankowski Firm, LLC
2126 15th Avenue South
Birmingham, AL  35205
richard@frankowskifirm.com
rob@frankowskifirm.com
*Attorneys for Defendant GMS Mine Repair and Maintenance, Inc.*

Dated: October 16, 2019          BY:     */s/James A. McGovern*
                                          James A. McGovern, Esquire
                                          PA Atty. I.D. No. 61361
                                          Union Trust Building
                                          501 Grant St., Suite 700
                                          Pittsburgh, PA  15219
                                          Ph: (412) 803-1180
                                          Fax: (412) 803-1188
                                          Email:  jamcgovern@mdwcg.com
                                          *Attorneys for NEXT Financial Group, Inc.*

11